# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| CASE NUMBER | 01 C 7769 | DATE | 12/16/2003 |
| CASE TITLE | Brandenburger vs. NE IL. Reg. Commuter RR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, METRA's bill of costs (doc. # 76) is granted in part and denied in part. The Court awards costs in the amount of $2,912.90, consisting of $2,891.50 in transcript costs and $21.40 in copying costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 86 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARRY S. BRANDENBURGER, )
)
Plaintiff, )
) No. 01 C 7769
vs. )
) Magistrate Judge Schenkier
NORTHEAST ILLINOIS REGIONAL )
COMMUTER RAILROAD CORPORATION )
d/b/a METRA, )
)
Defendant. )

DOCKETED
DEC 17 2003

## MEMORANDUM OPINION AND ORDER

On May 28, 2003, a jury returned a verdict in favor of the defendant (known as "METRA") and against the plaintiff, Barry Brandenburger, on Mr. Brandenburger's claim under the Federal Employer's Liability Act for injuries he allegedly suffered while employed by METRA (doc. # 70). The presiding district judge entered judgment on the verdict (doc. # 71), and on October 31, 2003, denied Mr. Brandenburger's motion for a new trial (doc. # 81).

As the prevailing party in this lawsuit, METRA has filed a bill of costs seeking $6,637.31. Mr. Brandenburger has objected to the bill of costs (doc. # 76). The presiding district judge has referred the dispute concerning METRA's bill of costs to this Court for decision (doc. # 77). For the reasons that follow, the Court grants in part and denies in part the bill of costs, and awards $2,912.90 in costs to METRA.



I.

Pursuant to Federal Rule of Civil Procedure 54(b)(1), "costs other than attorneys' fees shall be allowed as a course to the prevailing party unless the court otherwise directs . . . ." Consistent with this directive, "the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (emphasis added) (citations omitted). Here, Mr. Brandenburger does not assert the kinds of grounds – misconduct by METRA, or the inability of Mr. Brandenburger to pay costs due to indigency – that might overcome the presumption and weigh against any award of costs at all. *Weeks v. Samsung Heavy Indus. Co., Ltd.* 126 F.3d 926, 945 (7th Cir. 1997).

Thus, we turn to the question of what costs are recoverable. Under 28 U.S.C. § 1920, certain enumerated costs may be recovered by a prevailing party: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. Provided that they fall under one of these statutory categories, costs are recoverable if they are both reasonable and necessary to the litigation. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Costs that are incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

With these standards in mind, we turn to an analysis of the specific costs sought by METRA.

2

A.      **Medical Records Obtained Through Record Copy Services.**

METRA first seeks $3,644.41 for service of subpoenas and obtaining plaintiff's medical and employment records by Record Copy Services ("RCS") (Def.'s Mem. at 4). Plaintiff argues that it is not liable for the cost of these services because "these records were available to [METRA] from its own Medical Department and/or Claims Department, and had been previously produced, for the most part, by the plaintiff[,]" and that the decision to use the service for obtaining the records was mainly for the convenience of METRA's attorney (Pl.'s Obj. at 3). METRA responds that these costs were reasonable because using such services is a common practice that is not unreasonably costly, and because Mr. Brandenburger's counsel used the service himself (Def.'s Mem. at 5-6). METRA further argues that the records Mr. Brandenburger produced were related to the treatment for the accident in question but did not contain his complete medical history, which METRA claims was necessary to the litigation (*Id.* at 6). METRA concedes that it was already in possession of at least some of Mr. Brandenburger's medical history records when it sought these records, but claims that it was not possible to be certain that the records were complete (*Id.* at 5-6).

In the Seventh Circuit, subpoena costs are limited to the rates that would be charged by the Marshal's Service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's rate is currently $40.00 per hour for the first two hours and $20.00 for every hour thereafter, plus $0.31 per mile. *XCO Int'l Inc. v. Pacific Scientific Co.*, 2003 WL 2006595, at *8 (N.D. Ill Apr. 29, 2003). Further, a court may deny the recovery of subpoena costs where the requesting party fails to provide sufficient documentation to permit determination of precisely how the costs were incurred. *Id.* at *9 (denying subpoena costs where reasonableness of expenses could not be determined because submitted invoices did not reveal precisely how costs were calculated).

3

Neither METRA's assertion that its use of RCS in this manner is commonplace, nor the fact that Mr. Brandenburger himself may have used RCS, shows that the particular costs claimed by METRA here were necessary to the litigation; as such, those arguments carry no weight here. By the same token, Mr. Brandenburger's argument that he is not responsible for the costs of the RCS services because METRA already had access to many of the records is also unpersuasive. We find that it was reasonable and necessary to METRA's defense for METRA to take steps to ensure it had complete records of Mr. Brandenburger's medical and employment history. While some records were available to METRA through its own files and from documents produced during discovery, no one seriously asserts that those records were complete. We reject the suggestion, implicit in Mr. Brandenburger's objection, that METRA was required to take it on faith that all of the necessary records were in its files or were produced by the plaintiff. In a case where the plaintiff sought substantial damages, we think it was reasonable for METRA to go straight to the sources - Mr. Brandenburger's other employers and his numerous (approximately eleven) treating medical personnel – to ensure that METRA had all of these documents that could prove significant to determining the extent of Mr. Brandenburger's injuries, and their effect on the capacity to work.

Nor was METRA required to give each third-party employer or medical provider a list of documents METRA already possessed, and ask for production of "anything else" regarding Mr. Brandenburger. That approach likely would have resulted in the third parties complaining about the burden of having to sift through documents to find those not on the list, which would be more consuming than merely copying the contents of a file. Mr. Brandenburger has not offered any facts here to persuade us that METRA forfeited its right to recover costs for duplication of records by

4

selecting a mechanism calculated to be less burdensome for third parties, a goal that is embodied in Federal Rule of Civil Procedure 45.

Nonetheless, this determination does not end the inquiry. While METRA has demonstrated that getting the records was reasonable and necessary, METRA has failed to provide "sufficient documentation to permit determination of precisely how the [RCS] costs were incurred." *XCO Int'l*, 2003 WL 2006595, at *8. METRA purports to provide this information in its supplement to the bill of costs (*see* Def.'s Reply Mem., Ex. B). However, the information provided is merely a list of invoices along with the entity subpoenaed by each and a brief description of the items subpoenaed. There is no breakdown of how the costs were allotted between service of subpoenas, copying and long distance phone calls. Without this information the Court cannot determine whether or not the subpoena costs were in excess of those charged by the Marshal's Service, and ultimately, whether they were reasonable. And, there is no evidence of the number of pages copied, or the charge per page. *See Krislov v. Rednour*, 97 F. Supp. 2d 862, 871 (N.D. Ill. 2000) ("To collect for copying expenses, parties must typically provide the number of pages copie[d] and the price per page"). Therefore, we find that METRA may not recover the costs for these services.[1]

## B. Deposition Transcripts, Pre-Trial Transcripts, and Trial Transcripts.

METRA seeks $2,891.50 in costs for obtaining twelve deposition transcripts and two transcripts of pretrial hearings held shortly before trial. Mr. Brandenburger concedes that costs should be awarded for two deposition transcripts of two witnesses (Dr. Robbins and Mr. Gall), but claims that none of the other transcript costs are recoverable.

---

[1] METRA makes a separate request for $21.40 in fees for exemplification and copies of papers. The plaintiff does not challenge that request (*see* Pl.'s Obj. at 5), and so we award that item of cost as unopposed.

5

Recovery of costs for deposition transcripts is authorized by Section 1920(2), which permits an award of costs for transcripts "necessarily obtained for use in the case." The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber*, 7 F.3d at 645 (quoting *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d at 867 (7th Cir. 1981)). Further, "[t]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded...." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985) overruled on grounds not relevant here by *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989); *see also Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). We therefore turn to the question of the necessity of each of the disputed deposition transcripts.

*First*, clearly the deposition transcript of Mr. Brandenburger himself was reasonably necessary for METRA's trial preparation, whether or not he was ultimately called at trial. METRA may recover Mr. Brandenburger's deposition transcript costs.

*Second*, deposition transcripts for witnesses who were later called to testify at trial by Mr. Brandenburger were reasonably necessary (although being called at trial is not an absolute requisite to the transcript having been necessary when obtained). It can scarcely be argued that it was not "reasonably necessary" for METRA to obtain transcripts for witnesses whom the plaintiff decided to call to testify at trial, if for no other reason than possible impeachment. The transcripts of Mr. Missun, Dr. Rosenzweig, Mr. Mallen, and Dr. Hunton fall within this category; METRA may recover the transcript costs for those depositions.

6

*Third*, we will award the deposition transcript costs for those witnesses whom METRA called to testify at trial. It was reasonably necessary for METRA to obtain the transcript of those witnesses to prepare them to testify at trial, and to minimize the likelihood of their being impeached by giving trial testimony inconsistent with their deposition testimony. Mr. Klein and Mr. Stinson fall within this category; METRA may recover the costs of their deposition transcripts.

*Fourth*, we will award the costs of those depositions that METRA used in its summary judgment motion. The Soukup and Gall depositions fall within this category. The fact that METRA saw fit to use those transcripts in the summary judgment motion is *prima facie* evidence that they were reasonably necessary when obtained. Mr. Brandenburger offers no explanation why the transcripts were not reasonably necessary to summary judgment, or why transcript costs are appropriate for one session of the Gall deposition but not both. The fact that there appears to have been no ruling in the summary judgment motion prior to trial is an "intervening development[]," *Hudson*, 758 F.2d at 1243, that does not show the transcripts were not reasonably necessary when obtained. We award the transcript costs for the Gall depositions, as well as the Soukup deposition.

*Fifth*, we will award the costs of Dr. An's deposition transcript. Dr. An's deposition testimony was presented at trial by videotape. In *Barber*, the Seventh Circuit held the district courts may not award costs for both videotape and stenographic copies of depositions. *Barber*, 7 F.3d at 645. However, *Barber* was decided prior to the 1993 amendments to the Federal Rules of Civil Procedure, which added for the first time the requirement that a party who offers a videotape deposition at trial "*shall* also provide the court with a transcript of the portions so offered." Fed. R. Civ. P. 32(c) (emphasis added). In the wake of this amendment, several courts have held that so long as reasonably necessary, both transcripts and videotapes of depositions may be taxed as costs. *See*

7

*Vardon Gulf Co., Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *9 (N.D. Ill. Mar. 31, 2003); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002); *contra Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2002 WL 31207212, at *2 (N.D. Ill. Oct. 2, 2002). We are hard-pressed to say it was not reasonably necessary for METRA to obtain a transcript of Dr. An's deposition, when it was required to do so under Rule 32(c) when METRA submitted the videotape version. Thus, we award the costs for Dr. An's deposition transcript.

METRA also seeks the cost of the transcripts for two pre-trial hearings, citing *In Re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 0897, 1999 WL 759472, at *8. [NEED FULL CITE] We agree that given the close proximity of these hearings to trial, and the fact that the rulings made at the hearings were not documented in written orders, it was reasonably necessary to obtain the transcripts to protect against later disputes concerning the metes and bounds of the district judge's rulings. Accordingly, METRA's request for these transcript costs is granted.

We now turn to the amounts to be awarded for each of these transcripts of depositions and court proceedings. METRA seeks reimbursement at the rate of $3.00 per page, a rate that is permissible. *See* LR 54.1(b), LOCAL RULES FOR THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS (taxable transcript costs "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time of the transcript or deposition was filed unless some other rate was previously provided for by order of court"). Moreover, METRA has eliminated from its request any charges for condensed transcript copies, which we find to be appropriate. *See, e.g., Chemetall GMBH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *25 (N.D. Ill. Sept. 18, 2001) (condensed transcripts and ASCII diskettes were

obtained for the convenience of counsel, and thus were not taxable costs); *E.E.O.C. v. Yellow Freight System, Inc.*, No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999) (deposition transcript contained on a computer diskette that was supplementary to the printed transcript was for the convenience of counsel).

METRA does not seek reimbursement for the costs of shipping the transcripts, but does request reimbursement for the court reporters' charges for appearance fees (which METRA does not separately break out in its submission, but which the Court finds from its review of the invoices for the depositions constitutes $479.00 of the requested costs). The Seventh Circuit has upheld the discretion of trial judges to award appearance fees as taxable costs, even though they are not specifically mentioned in Section 1920, on the reasoning that they are incidental to the taking of the deposition. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *see also Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (stating that a district court "may award [court reporter attendance fees] . . . in its discretion"). There is a split among various judges of this district as to whether Local Rule 54.1(b) eliminates this discretion, and prohibits an award of the court reporter's attendance fee where the transcript has been ordered. *Compare Chemetall*, 2001 WL 1104604, at *25 (awarding attendance fees) *and Denson v. Northeastern Illinois Regional Commuter Railroad Corp.*, No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003) (declining to award attendance fees, and recognizing split of authority). The Court does not believe that Local Rule 54.1(b) was intended to divest the Court of the discretion that the Seventh Circuit has recognized it possesses. In relevant part, Local Rule 54.1(b) states that "[e]xcept as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed."

9

While Local Rule 54.1(b) does not specify court reporter attendance fees as recoverable costs, the same is true of Section 1920 – an omission that did not prevent the Seventh Circuit from recognizing the trial court's discretion to award attendance fees as part of taxable deposition costs. *Finchum*, 57 F.3d at 534. And, we note that in *Held*, the Seventh Circuit affirmed an award of costs by a trial judge in this district that included court reporter attendance fees, 137 F.3d at 1002, which could be read as suggesting that such an award is not foreclosed by Local Rule 54.1(b). Accordingly, we will exercise our discretion to award the court reporter appearance fee, which was a cost that METRA reasonably incurred in order to obtain the deposition transcripts.

We therefore award METRA the full amount of transcript costs sought – $2,891.50. In awarding that amount, we note that METRA did not seek reimbursement for the full amount of costs reflected in the invoices (even after the reductions noted above for condensed transcript copies, court reporter charges in excess of $3.00 per page, and shipping). METRA did not explain the basis for those reductions; but, since the amount it seeks is supported, we find that METRA's failure to do so does not affect the validity of the reimbursement that it does seek.

### C. Fees for Expert Witnesses.

METRA claims $40.00 each for the witness fees for the depositions of Dr. Robbins and Dr. Rosenzweig. We deny these costs. As we understand it, these fees are a small part of the costs METRA paid ($825.00 for Dr. Robbins and $750.00 for Dr. Rosenzweig) in order to depose the plaintiff's experts: Dr. Robbins was a treating physician, and Dr. Rosenzweig was an expert retained by the plaintiff. Thus, under Fed. R. Civ. P. 26(b)(4)(c), METRA was required to pay these fees as a condition of securing the depositions of those experts. But expert deposition fees cannot then be shifted to the losing party, absent "contract or explicit statutory authority." *Crawford Fitting Co.*

10

v. *J.T. Gibbons*, 482 U.S. 437, 439 (1987); *see also T.D. v. LaGrange School Dist. No. 102*, No. 02-3928, 2003 WL 22682466, at *10 (7th Cir. Nov. 14, 2003). Here, METRA points to no contract that provides this authority. Nor does METRA's citation to 28 U.S.C. § 1821 provide statutory authority for shifting costs. Section 1821 only establishes witness fee rates; it does not address who shall pay them.

## CONCLUSION

For the foregoing reasons, METRA's bill of costs (doc. # 76) is GRANTED in part and DENIED in part. The Court awards costs in the amount of $2,912.90, consisting of $2,891.50 in transcript costs and $21.40 in copying costs.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: December 16, 2003

11